UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| JULIE DOWEN-QUEALLY, <br>     Plaintiff, <br><br> v. <br><br> DIANA HORA, NICK MOUDIOS <br> CENTRAL MASS. HOUSING COURT, <br> And ALEX MITCHELL-MUNEVAR, <br>     Defendants. | CIVIL ACTION <br> NO. 23-40089-TSH |

### ORDER
### July 27, 2023

**HILLMAN, S.D.J.**

Plaintiff Julie Dowen-Queally, who is proceeding *pro se*, brings this action against the Commonwealth Housing Court (Central Division), two state judges (Judge Diana Horan; Judge Alex-Mitchell-Munevar), and Nick Moudios, whom Plaintiff identifies as a clerk magistrate. Plaintiff's claim arises from an eviction proceeding in which judgment was entered in favor of Pervez Hai, the plaintiff in the state court action. Plaintiff submitted numerous exhibits to her complaint, including a "Notice of Scheduled Eviction" from a constable's office stating that the constable will execute the judgment on July 28, 2023 at 10:00am. Plaintiff has filed a separate motion for a preliminary injunction to stop the eviction. She has also filed a motion for leave to proceed *in forma pauperis*. For the reasons stated below, the Court will DISMISS this action.

### Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Plaintiff's motion for leave to proceed *in forma pauperis*, the Court concludes that she has adequately demonstrated her inability to prepay the filing fee.

Accordingly, the Court **grants** this motion.

### Review of the Complaint

Federal law authorizes a federal district court to dismiss an *in forma pauperis* complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In conducting this review, the Court liberally construes Plaintiff's complaint because she is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Here, the complaint fails to state a claim upon which relief may be granted because it is barred by judicial immunity, quasi-judicial immunity, and Eleventh Amendment immunity.

1. **Judicial Immunity and Quasi-Judicial Immunity**

Under the doctrine of judicial immunity, judges are immune "from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). As all of Plaintiff's allegations against Judge Horan and Judge Mitchell-Munevar relate to their judicial actions, Plaintiff has failed to state a claim for damages against these defendants. Claims against Judge Horan and Judge Mitchell-Munevar for injunctive relief fare no better. A judge enjoys immunity from claims for injunctive relief unless "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Neither circumstance exists in this action.

In addition, other individuals who perform adjudicatory functions, such as a clerk magistrate, have quasi-judicial immunity when they perform tasks that are "inextricably intertwined with the judicial function." *Nystedt v. Nigro*, 700 F.3d 25, 30 (1st Cir. 2012). *See also Clapp v. Cohen*, C.A. No. 18-10426-ADB, 2019 WL 5864752 at *2 (D.Mass. Nov. 8, 2019) (holding that, because a state court assistant clerk magistrate "was performing an adjudicatory function when he issued [an] arrest warrant, he is protected from liability by quasi-judicial

immunity"). Thus, Plaintiff has failed to state a claim upon which relief may be granted against Clerk Moudios.

2. **Eleventh Amendment Immunity**

The Eleventh Amendment of the United States Constitution generally is recognized as a bar to suits in federal courts against a State, its departments and its agencies, unless the State has consented to suit or Congress has overridden the State's immunity. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007). As an arm of the state, the Housing Court enjoys Eleventh Amendment immunity because the Commonwealth of Massachusetts has not waived its immunity nor has Congress has overridden it with regards to the claims raised by Plaintiff. *See Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002) (upholding dismissal of claims against Massachusetts trial court on the ground of Eleventh Amendment immunity). Thus, Plaintiff has failed to state a claim for relief against the Housing Court.

3. **Jurisdictional Bar**

Further, this Court cannot serve as an appellate court to a state trial court. Under 28 U.S.C. § 1257, the Supreme Court of the United States is the only federal court with jurisdiction to review a state court judgment. *See* 28 U.S.C. § 1257; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 292 (2005); *Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps,* 471 F.3d 220, 223 (1st Cir. 2006) ("[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment.").

## **Conclusion**

For the foregoing reasons, the Court rules as follows:

1. The motion for leave to proceed *in forma pauperis* is **granted**.

2. The emergency motion for a preliminary injunction is ***denied***.

3. This action is **dismissed**.

**SO ORDERED.**

                                          */s/ Timothy S. Hillman*
                                          **TIMOTHY S. HILLMAN**
                                          **SENIOR DISTRICT JUDGE**